UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN HOLCOMB and KAREN
HOLCOMB,

      Plaintiffs,

v.                      Case No: 2:24-cv-0181-JES-NPM

SAFETY SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Order to Show Cause, or in the Alternative, Motion to Strike and Motion for Sanctions (Doc. #44) filed on June 3, 2025. Plaintiffs filed a Response (Doc. #48) on June 17, 2025, and defendant filed a Reply (Doc. #58) on July 7, 2025.

### I.

On March 5, 2024, a standard Hurricane Ian Scheduling Order (Doc. #8) providing deadlines for automatic discovery and a Hurricane Ian Interim Protective Order (Doc. #9) regarding confidential information were issued. On August 22, 2024, the depositions of Brian Holcomb and Karen Holcom were taken, and it was indicated that they had or could obtain all photographs and videos for their security system at or around the date of loss. (Doc. #44 at 1.) By letter dated September 5, 2024, counsel sought documentation from plaintiffs that was discussed and

identified during depositions, including "(1) notes taken by
Plaintiffs regarding the loss; (2) text messages and photos
between Plaintiffs and the individual that installed security
system wiring identified as "Mike" immediately following the
loss; and (3) all photos and videos for the security system at
or around the date of loss." (Doc. #44-1.) On September 19,
2024, counsel for plaintiffs sent an email indicating that the
requested photos had been found. The photos have time stamps and
dates. (Doc. #44-2.) The metadata shows the photos were taken
by Darren Wallace on September 17, 2024, the Information
Technology Director for plaintiffs' counsel, and do not show the
actual author or original date. (Doc. #44-3 & #44-4.)

On October 7, 2024, counsel for defendant sent an email
indicating that the photos were lacking the metadata, and the
original photos were needed. Also, counsel sought confirmation
that the original or a copy of video did not exist since the
photos came from a video from the security system. On October
11, 2024, plaintiffs' counsel sent an email stating that counsel
should feel free to file whatever motion was appropriate. (Doc.
#44-5.)

On or about February 10, 2025, defendant's Notice of Taking
Continued Deposition Duces Tecum (Doc. #44-6) was served seeking
the following:

1. Any and all reports, video reports, contractor

reports, and/or any other documents or records establishing when the security system and cameras were installed at the subject property located at 5730 Estero Boulevard, Fort Myers Beach, FL 33931 ("Property").

2.    Any and all maintenance history relating to the security system and cameras located at subject property located at 5730 Estero Boulevard, Fort Myers Beach, FL 33931 ("Property"), at any time since your purchase of the property. If applicable, please include receipts or other verification that maintenance was performed.

3.    Any and all **original photographs, videos**, and/or drawings depicting the damages to the subject property located at 5730 Estero Boulevard, Fort Myers Beach, FL 33931 ("Property"), which are the subject of the instant claim and litigation.

4.    All correspondence between Plaintiffs and Defendant, including their respective agents and attorneys, regarding the security system and cameras and/or subject matter of the instant claim and litigation.

5.    All communications between Plaintiffs and any third party regarding the security system and cameras and/or subject matter of the instant claim and litigation, other than Plaintiffs' counsel.

6.    **Any and all original photographs, videos, or any other reproduction of the subject area of the Property made before, after, or during the subject loss.**

7.    All documents referenced in Plaintiffs' response to Defendant's First Set of Interrogatories.

(Doc. #44-6) (emphasis added).  On February 4, 2025, at the Case

Management Conference, counsel for defendant raised the issue of

the missing metadata from the screenshots taken of the live

surveillance footage and that a spoilation motion would be filed.

Counsel for plaintiffs responded that there is no video, it was

destroyed with the house, and there are only snapshots taken by

phone.   The Magistrate Judge provided a month to complete a deposition regarding snapshot surveillance.  (Doc. #36.)

During the deposition of Brian Holcomb on March 3, 2025, Mr. Holcomb responded that he still had copies of the original photographs that were sent to his counsel.  Counsel requested that Mr. Holcomb go to his iPhone, find and select the photographs, and to e-mail them to counsel for defendant and Mr. Holcomb's own counsel.  Plaintiffs' counsel objected to the direct email communication, including sending the e-mail to plaintiffs' counsel for forwarding to opposing counsel.  (Doc. #44-7 at 13-15.)  No formal motion to compel was filed.

## II.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  A party need not provide ESI "from sources that the party identifies as not reasonably accessible because of undue burden or cost."  Fed. R.

Civ. P. 26(b)(2)(B). No such claim has been made here. A party may serve a request for discovery within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The contents of the request:

> **(A)** must describe with reasonable particularity each item or category of items to be inspected;
>
> **(B)** must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
>
> **(C)** may specify the form or forms in which electronically stored information is to be produced.

Fed. R. Civ. P. 34(b)(1). When producing documents or electronically stored information (ESI), the following procedures apply:

> **(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> **(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> **(iii)** A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). "Production 'as kept in the ordinary course of business' generally requires turning over electronic documents in the format in which they are kept on the user's hard drive or other storage device. A file that is converted to another format solely for production, or for which the application

metadata has been scrubbed or altered, is not produced as kept in the ordinary course of business." Teledyne Instruments, Inc. v. Cairns, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *9 (M.D. Fla. Oct. 25, 2013) (collecting cases).

"The Sedona Principles — 'a leading resource on electronic discovery' matters — takes the position that Rule 34(b)(2)(E)(i) applies exclusively to documents and that Rule 34(b)(2)(E)(ii) applies exclusively to ESI." McCreight v. AuburnBank, No. 3:19-CV-865-MHT-SMD, 2021 WL 6926818, at *2 (M.D. Ala. Mar. 30, 2021) (citing In re Seroquel Prod. Liab. Litig., 244 F.R.D. 650, 656 (M.D. Fla. 2007)).  The Sedona Conference defines metadata as follows:

> Data typically stored electronically that describes characteristics of ESI [electronically stored information], found in different places in different forms. Can be supplied by applications, users or the file system. Metadata can describe how, when, and by whom ESI was collected, created, accessed, modified, and how it is formatted. Can be altered intentionally or inadvertently. Certain metadata can be extracted when native files are processed for litigation. Some metadata, such as file dates and sizes, can easily be seen by users; other metadata can be hidden or embedded and unavailable to computer users who are not technically adept. Metadata is generally not reproduced in full form when a document is printed to paper or electronic image.

CBT Flint Partners, LLC v. Return Path, Inc., 737 F.3d 1320, 1328 n.2 (Fed. Cir. 2013) (quoting The Sedona Conference, *The Sedona*

*Conference Glossary: E-Discovery & Digital Information Management*
34 (Sherry B. Harris et al. eds., 3rd ed.2010)).

Under Rule 37,

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> **(A)** presume that the lost information was unfavorable to the party;
>
> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). "[T]he 'intent to deprive another party of the information's use in the litigation' is the equivalent of bad faith in other spoliation contexts. Fed. R. Civ. P. 37(e)(2). In this Circuit's spoliation precedents, bad faith 'generally means destruction of evidence *for the purpose of hiding* adverse evidence….' The phrase 'intent to deprive' naturally requires that the spoliator has a 'purpose of hiding adverse evidence' from other parties." Skanska USA Civ. Se. Inc. v. Bagelheads,

Inc., 75 F.4th 1290, 1312 (11th Cir. 2023) (citations omitted).

*III.*

Defendant asserts that plaintiffs have an "affirmative duty" to preserve ESI. Defendant argues that the security video footage was available during Hurricane Ian and possibly for a short period after it passed but plaintiffs failed to advise defendant that it existed, or to provide defendant the photographs. Defendant asserts that the Scheduling Order required plaintiffs to provide all photographs and videos and they "blatantly disregarded this requirement."

Defendant fails to note that photographs were provided, albeit not as counsel envisioned, and there is no video footage available. This was discussed at the deposition and there are no allegations that the photographs themselves have been altered or are not a true depiction of what was on Mr. Holcomb's iPhone. Defendant also fails to acknowledge that no specific formal request was made for the ESI to be in native format with metadata and the request for "original photographs" did not specify the form of the ESI or that metadata should be included. Nonetheless, it does not diminish the importance or validity of the request for the information.

Clearly, the issue was brought to the forefront at the Case Management Conference and by the deposition taken for the purpose of obtaining the necessary metadata associated with the

photograph when taken on Mr. Holcomb's iPhone.  The Court finds that the interest of justice requires plaintiffs to disclose the information.

"Mere speculation that electronic discovery must exist is insufficient to permit forensic examination of a party's personal computer or cellphone." Classic Soft Trim, Inc. v. Albert, No. 6:18-CV-1237-ORL-78GJK, 2020 WL 6731027, at *2 (M.D. Fla. Sept. 2, 2020) (citations omitted).  See also Klayman v. City Pages, No. 5:13-CV-143-OC-22PRL, 2014 WL 5426515, at *5 (M.D. Fla. Oct. 22, 2014) ("[T]he Court must weigh inherent privacy concerns against its utility." (citation omitted)).  Mr. Holcomb is one of the plaintiffs in this case and he admitted that the photographs are on his phone.  The Court finds that any privacy issues are outweighed by the necessity of divulging the information associated with the photographs.  The Court finds that sanctions, including striking the photographs, are not appropriate at this time.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Order to Show Cause, or in the Alternative, Motion to Strike and Motion for Sanctions (Doc. #44) is **DENIED.**  The Court finds no discovery violations or misconduct, and that striking the photographs or sanctions are not warranted.

2. Plaintiffs shall produce the metadata from the original photographs taken on Mr. Holcomb's iPhone identifying the date and time, and author of the screenshots within **SEVEN (7) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of August 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record