UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN HOLCOMB and KAREN HOLCOMB,

    Plaintiffs,

v.                        Case No: 2:24-cv-0181-JES-NPM

SAFETY SPECIALTY INSURANCE COMPANY,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment (Doc. #43), defendant's Response in Opposition (Doc. #51), and plaintiffs' Reply (Doc. #59). Also before the Court is defendant's Motion for Final Summary Judgment (Doc. #46), plaintiff's Response in Opposition (Doc. #49) and defendant's Reply (Doc. #56). The Request for Oral Argument (Doc. #54) is denied.

*I.*

The following general facts are undisputed as to both motions for summary judgment:

1. On September 28, 2022, Hurricane Ian hit Florida.

2. On September 28, 2022, Max Olson, the owner of the YouTube Channel "Max Olson Chasing" made a video and he has provided an Affidavit.

3. On or around that time, the main dwelling owned by Mr.

and Mrs. Holcomb located at 5730 Estero Boulevard, Fort Myers Beach, FL 33931 sustained severe damage from Hurricane Ian which resulted in a total loss, excluding the detached garage.

4. Mr. and Mrs. Holcomb properly reported the loss to Defendant.

5. SSIC issued an insurance policy to Plaintiffs bearing policy number HS228060201 (the "Policy") to provide property insurance coverage for the Property located at 5730 Estero Boulevard, Fort Myers Beach, Florida 33931 for the policy period of October 30, 2021, to October 30, 2022.

6. The Policy contains an anti-concurrent causation provision regarding storm surge and defines a Hurricane. The Policy contains a Named Structures Exclusion endorsement that excludes "Detached Garage Under Construction."

7. After Hurricane Ian passed through Fort Myers Beach, Florida, the main structure was completely gone, but the detached garage was still standing.

8. Shortly after Hurricane Ian, the Plaintiffs reported the loss to SSIC.

9. SSIC retained Daniel Sanders, P.E., an engineer from Grindley Williams, to inspect the Property to determine the cause and origin of the reported damages, and he inspected the Property on October 19, 2022.

10.   On March 9, 2023, Defendant denied the claim

stating, "there is no coverage under the Policy for water damages from flood".

11.   On March 28, 2023, SSIC issued its claim determination letter to Plaintiffs advising that based upon the evidence and its investigation, the Policy excludes from coverage damages due to flood, surface water, and/or storm surge.

12.   Plaintiffs brought the foregoing action against SSIC for alleged breach of contract, and SSIC filed its Answer and Affirmative Defenses on March 6, 2024.

13.   Plaintiffs retained their own engineer, John McHugh, P.E., to opine on the cause and origin of Plaintiffs' loss. Mr. McHugh opined that storm surge contributed, in part, to the total destruction of Plaintiffs' Property.

## II.

Summary judgment is appropriate only when a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. McCreight v. AuburnBank, 117 F.4th 1322, 1329 (11th Cir. 2024). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, a court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). Even if facts are undisputed, a court should deny summary judgment if reasonable minds might differ on inferences arising from those facts. St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

### III.

Defendant seeks summary judgment arguing that "[t]he Policy excludes all loss caused directly or indirectly by "flood," or "surface water," with "surface water" being defined as water accumulated outside of a building or structure, including but not limited to standing or ponding water, waves, including tidal wave and tsunami, tides, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; including

storm surge. Further, such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. The inclusion of this anti-concurrent provision in the Policy precludes coverage for the Plaintiffs' loss." (Doc. #46 at pp. 16-17.)

In response, plaintiffs argue that "Florida's Valued Policy Law specifically states that in the instance of a total loss, when a loss was caused "in part by a covered peril and in part by a noncovered peril" then the insurer's liability shall be limited to the amount of the loss caused by the covered peril. However, "if the covered perils alone would have caused the total loss, paragraph (a) shall apply." In this case, both Plaintiffs' and Defendant's engineers agree that significant wind speeds impacted the property." (Doc. #49 at p. 5.)

The material fact that is vigorously disputed by both sides is whether the wind caused the loss or the flood from storm surge caused the loss, or a combination of both. This genuine issue of material fact is at the heart of whether part or all of the loss the property was caused by wind, flood, or a combination of both wind and flood that resulted in the total loss of the main dwelling. This is a fact that will be determined by the jury and this case cannot be resolved by summary judgment. See, e.g., Baltzer v. Safety Specialty Ins. Co., No. 2:23-CV-999-SPC-KCD, 2025 WL 676251, at *3 (M.D. Fla. Mar. 3, 2025) ("In this case, the jury must hear from Sanders and McHugh and determine whether

- 5 -

wind, flood, or some combination thereof destroyed [plaintiffs'] property." Baltzer v. Safety Specialty Ins. Co., No. 2:23-CV-999-SPC-KCD, 2025 WL 676251, at *3 (M.D. Fla. Mar. 3, 2025).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment (Doc. #43) and defendant's Motion for Final Summary Judgment (Doc. #46) are **DENIED.**

2. Plaintiffs' Request for Oral Argument (Doc. #54) is **DENIED.**

3. This case is **referred** to the assigned Magistrate Judge to conduct a settlement conference **on or before November 21, 2025,** the date of the Final Pretrial Conference, and to enter all other Orders necessary to facilitate the settlement conference.

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of August 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell
Counsel of Record