UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN HOLCOMB and KAREN HOLCOMB,

    Plaintiffs,

v.                    Case No: 2:24-cv-0181-JES-NPM

SAFETY SPECIALTY INSURANCE COMPANY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion in Limine to Exclude Evidence and Testimony Regarding Damages Sustained to the Detached Garage at Plaintiffs' Property (Doc. #69) filed on November 3, 2025. Plaintiffs filed Opposition to Defendant's Motion in Limine Addressed to Garage Damage (Doc. #81) on November 18, 2025, and defendant filed a Reply (Doc. #89) on December 23, 2025. The motion will be granted in part and denied in part.

Defendant anticipates that plaintiffs will attempt to introduce evidence, elicit testimony, or make statements at trial regarding damages sustained by the detached garage located at 5730 Estero Boulevard, Fort Myers Beach, Florida. A motion *in limine* is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is

actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "'A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds.'" [] Motions *in limine* are typically disfavored; the better practice is to rule upon questions of admissibility as they arise at trial." Marquez v. Clear Blue Specialty Ins. Co., 758 F. Supp. 3d 1338, 1339 (M.D. Fla. 2024) (internal citations omitted).

> As the Court previously stated:
>
> The material fact that is vigorously disputed by both sides is whether the wind caused the loss or the flood from storm surge caused the loss, or a combination of both. This genuine issue of material fact is at the heart of whether part or all of the loss the property was caused by wind, flood, or a combination of both wind and flood that resulted in the total loss of the main dwelling. This is a fact that will be determined by the jury and this case cannot be resolved by summary judgment.

(Doc. #62, p. 5.) Defendant has withdrawn its motion as to surveillance photographs captured from the security system of the garage (Doc. #85, Doc. #87), but it seems that any evidence as to the cause of damage to the garage will be relevant. The motion is therefore denied as to evidence and argument relating to the cause of damage to the garage.

The remaining portion of the motion relates to evidence of monetary damages to the garage and whether such damages are covered by the Policy. The parties dispute the meaning of a

phrase in an exclusion to the Policy relating to the "attached garage under construction." This requires the Court to make a legal determination of the meaning of a disputed phrase and then rule on the evidentiary issue.

The scope and extent of insurance coverage is determined by the language of the insurance policy. The Policy's text is paramount and must be the Court's starting point, Parrish v. State Farm Florida Ins. Co., 356 So. 3d 771, 774 (Fla. 2023), and "we are bound by the plain meaning of the contract's text," State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 569 (Fla. 2011). The Policy must be enforced as written, and courts may not rewrite insurance contracts or create insurance coverage where none exists. Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So. 2d 938, 942 (Fla. 1979) (citations omitted).

"It is well settled that the construction of an insurance policy is a question of law for the court." Jones v. Utica Mut. Ins. Co., 463 So. 2d 1153, 1157 (Fla. 1985) (citation omitted). Courts must interpret ambiguous policy language regarding coverage when found in insurance contracts. Wash. Nat. Ins. Corp. v. Ruderman, 117 So. 3d 943, 948 (Fla. 2013). "Policy language is considered to be ambiguous if the language 'is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.'" State Farm

Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 570 (Fla. 2011) (citation omitted). "[A]n insurer, as the writer of an insurance policy, is bound by the language of the policy, which is to be construed liberally in favor of the insured and strictly against the insurer." Ruderman, 117 So. 3d at 950. See also MONY Life Ins. Co. v. Perez, 146 F.4th 1018, 1028 (11th Cir. 2025) ("Florida law is crystal clear that its courts *must* interpret ambiguous policy provisions found in insurance contracts.").

The Policy was issued on October 19, 2021, became effective on October 30, 2021, and had a one-year term through October 30, 2022. (Doc. #4, pp. 16, 18.) The Policy is divided into three relevant sections: Section I – Definitions; Section II – Property Coverage; Section III – Liability Coverage. (Id. at 28.) The insuring agreement states that the insurance company would provide the insurance described in the Policy. (Id.) Section II, concerning Property Coverage, contains an "Exclusions" section which lists the exclusions that apply to Property Coverage. (Id. at 41-44.) Similarly, Section III, concerning Liability Coverage, contains an "Exclusions" section that lists the exclusions that apply to Liability Coverage. (Id. at 45-48.)

An endorsement to the Policy captioned "Named Structures Exclusion" (NSE) states the insurer "do[es] not cover any loss caused by any peril to the structure listed in the Schedule above." (Id. at 56.) The above "Schedule" states that the

- 4 -

"Address and description of structure" is "Detached Garage Under Construction".  (Id.)  Addressing the Section II Property Coverage Exclusions in the Policy, the NSE then states: "We do not cover any loss caused by any peril to the structure listed in the Schedule above."  (Id.)  Addressing the Section III Liability Coverage Exclusions in the Policy, the NSE states the insurer was adding the following exclusion: "Personal Injury or property damage which occurs in, at or around the structure listed in the Schedule above."  (Id.)

The final page of the Policy contains another version of a Named Structures Exclusion.  (Id. at 57.)  This Manuscript Endorsement form identifies the dwelling by street address in the "Schedule" portion, indicating the insurer would not cover any loss to the structure, arguably meaning the entire dwelling.  (Id.)  This Manuscript Endorsement Named Structures Exclusion was "Deleted" on January 17, 2022.  (Id. at 7.)

On January 17, 2022, the insurer issued Revised Declarations (Id. at 9-13), which again included a Named Structures Exclusion whose Schedule identified the structure to be excluded as "Detached Garage Under Construction."  (Id. at 13.)

The parties dispute the meaning of "Detached Garage Under Construction."  Plaintiffs take the position that "under construction" meant that the detached garage was not covered by the Policy while the construction was occurring, that

- 5 -

construction was completed just before Hurricane Ian hit, and therefore the detached garage was covered by the Policy. Defendant argues that the phrase was simply descriptive of the structure excluded from coverage, and that the stage of the construction is immaterial to coverage. (Doc. #89, p. 3.)

The Court agrees with the interpretation of defendant. The phrase is simply a description of the property not covered by the Policy, not a mechanism which triggers coverage. "'In construing insurance policies, courts should read each policy as a whole, endeavoring to give each provision its full meaning and operative effect." Universal Prop. & Cas. Ins. Co. v. Gonzalez-Perez, 387 So. 3d 333, 336 (Fla. 3d DCA 2023) (quoting Auto-Owners Inc. Co. v. Anderson, 756 So 2d 29, 34 (Fla. 2000)). Other portions of the Policy provide coverage for a dwelling or other structure which is still under construction. (Doc. #4, pp. 33-34, Section II.B.4.) Therefore, no need exists to add a phrase which addresses completion of construction as a trigger for coverage. Since the detached garage is not covered by the Policy, evidence and argument as to the monetary damages sustained to the garage is not relevant, and this portion of the motion will be granted.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion in Limine to Exclude Evidence and Testimony Regarding Damages Sustained to the Detached Garage at

Plaintiffs' Property (Doc. #69) is **GRANTED** to the extent that plaintiffs may not present evidence of the damages sustained for the purpose of monetary recovery and is otherwise **DENIED**.

  **DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of January 2026.

               _/s/ John E. Steele_
               JOHN E. STEELE
               SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record