UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN HOLCOMB and KAREN HOLCOMB,

    Plaintiffs,

v.                           Case No: 2:24-cv-0181-JES-NPM

SAFETY SPECIALTY INSURANCE COMPANY,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion in Limine to Exclude Evidence and Testimony Regarding Florida's Valued Policy Law F.S. 627.702 (Doc. #70) filed on November 3, 2025. Defendant certifies that the motion is opposed. Plaintiffs did not file a response and the time to respond has expired.

A motion *in limine* is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "'Motions *in limine* are typically disfavored; the better practice is to rule upon questions of admissibility as they arise at trial." Marquez v. Clear Blue

Specialty Ins. Co., 758 F. Supp. 3d 1338, 1339 (M.D. Fla. 2024) (citation omitted).

Defendant seeks to prevent plaintiffs from introducing evidence regarding Florida's Valued Policy Law (VPL), Fla. Stat. § 627.702, at trial. Defendant argues that the plain language of the Policy reflects that it was issued pursuant to Florida Surplus Lines Law, which falls under Chapter 626. However, plaintiff has previously argued that Valued Policy Law applies to this case and controls this insurance policy. (Doc. #49, pp. 3-7.)

The face of the Policy is clear that the Policy is a Surplus Lines policy. (Doc. #4, p. 8) ("THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW.")

> "Surplus-lines insurance is a type of insurance that a potential insured may obtain when the general-lines insurance market fails to provide a policy to cover the type of risk involved. To ensure that there would be insurance companies willing to provide this type of coverage in our state, the Florida Legislature created a statutory scheme that permits out-of-state 'unauthorized' insurers to provide surplus-lines coverage through in-state 'surplus-lines agents,' who serve as middlemen between surplus-lines insurers and 'producing agents/general-lines agents,' who, in turn, provide surplus-lines policies to insureds." Essex Ins. Co. v. Zota, 985 So. 2d 1036, 1040 n.2 (Fla. 2008) (citations omitted).

Ahmed v. Hamilton Ins. DAC, 409 So. 3d 704, 707 n.5 (Fla. 3d DCA 2025). On the other hand, "Florida's Valued Policy Law, codified in section 627.702 of the Florida Statutes, establishes an insurer's liability for a total loss due to a covered peril as 'the amount of money for which such property was so insured as specified in the policy.'" Williams v. Citizens Prop. Ins. Corp., 326 So. 3d 172, 173 n.2 (Fla. 3d DCA 2021) (quoting § 627.702(1), Fla. Stat. (2017)). "The purpose of Florida's Value Policy Law 'is to fix the measure of damages payable to the insured in case of total loss,' and the statute's plain language 'requires an insurer to pay that amount listed on the face of the policy in the event of a total loss without the necessity of any additional proof of the actual value of the loss incurred.'" Evanston Ins. Co. v. Etcetera, Etc Inc., No. 2:18-CV-103-FTM-99MRM, 2018 WL 3526672, n.1 (M.D. Fla. July 23, 2018) (quoting Ceballo v. Citizens Prop. Ins. Corp., 967 So. 2d 811, 813-14 (Fla. 2007); Fla. Stat. § 627.702).

Except as specifically stated in the VPL statute, a surplus lines carrier "is exempt from the provisions of Chapter 627." Bryant v. GeoVera Specialty Ins. Co., 271 So. 3d 1013, 1019 n.1 (Fla. 4th DCA 2019) (citing § 626.913(4), Fla. Stat. (2014) (providing that "except as may be specifically stated to apply

to surplus lines insurers, the provisions of chapter 627 do not apply to surplus lines insurance")). See also Ceballos v. Ironshore Specialty Ins. Co., No. 1:21-CV-22543-KMM, 2022 WL 17037693, at *6 (S.D. Fla. Jan. 11, 2022) ("[T]he legislature has explicitly stated that Chapter 627 does not apply to surplus lines insurance, unless it specifically states that it does."). Therefore, the motion will be granted as to evidentiary matters unless plaintiff can identify specific areas which have been made applicable to Surplus Lines insurance.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion in Limine to Exclude Evidence and Testimony Florida's Valued Policy Law F.S. 627.702 (Doc. #70) is **GRANTED**. Plaintiff may not introduce evidence or argument before the jury suggesting that Florida's Valued Policy Law (VPL) applies to this case without prior approval of the Court.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of January 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

- 5 -

Copies:
Counsel of Record

- 5 -