UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN   HOLCOMB   and   KAREN
HOLCOMB,

      Plaintiffs,

v.                                    Case No:  2:24-cv-181-JES-NPM

SAFETY   SPECIALTY   INSURANCE
COMPANY,

      Defendant.

_____

**FINAL PRETRIAL CONFERENCE ORDER**

This case came before the Court on January 29, 2026, for a final pretrial conference. The case will be governed by the following:

(1)  The operative pleadings in this case are the Complaint (Doc. #1) and Defendant's Answer and Affirmative Defenses (Doc. #10).

(2)  The parties have filed a Joint Exhibit List (Doc. #98, pp. 14-19).  The following exhibits have no objections by any party, are admitted into evidence, and may be used by the parties at trial without any further formalities: Exhibit Nos. 1, 3, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 20, 23, 25, 26, 27, 37, 38, 40.

(3)  During voir dire the Court intends to read a concise statement summarizing the case to the prospective jurors,

followed by the question whether any juror knows anything about the case prior to coming to court. The parties are encouraged to file a proposed concise statement no later than the Friday before the beginning of trial.

(4) The Court will select a jury of six jurors plus one "alternate." At voir dire, each side will have three preemptory challenges, plus one additional challenge for the alternate juror. As explained at the final pretrial conference, no back-striking will be allowed. Counsel will be allowed to make brief, follow-up inquiry of jurors after the Court concludes its voir dire.

(5) The parties have not sought permission for counsel's staff or witnesses to bring electronic devices into the courthouse for trial. If either party anticipates the need for electronic devices, such a request should be made by motion.

(6) The parties indicated that they are currently working on jury instructions and the verdict form. The parties are to file the jury instructions and verdict form no later than the Wednesday before trial. As noted in the hearing, each party may file a proposed verdict form or jury instruction if they are unable to make further progress towards agreed upon language.

(7)   Trial will be held beginning Tuesday **February 17, 2026, at 9:00 a.m in Courtroom 6A.**   It is anticipated that trial will be completed by the end of the week.

(8)   The anticipated witnesses at trial are those identified in Plaintiffs' Amended Witness List (Doc. #86) and those identified in Defendant's Amended Witness List (Doc. #95). No additional witness will be allowed without specific permission of the Court.

(9)   With the consent of the parties, jurors will be allowed to take notes.

(10) With the consent of the parties, jurors will be allowed to pose questions to any witness by writing the question and handing it to the Court, who will confer with counsel prior to allowing the question.

(11) **Plaintiffs' Motion in Limine to Preclude Evidence or Argument Related to Flood Insurance (Doc. #90),** to which Defendant filed Defendant's Response in Opposition (Doc. #99), is granted to the extent that the absence of flood insurance through a different insurer may not be elicited without prior approval of the Court.   To be clear, this does not preclude defendant from eliciting testimony that the property had extensive renovation work but did not meet flood codes at the time of Hurricane Ian.   Regardless of the property's flood insurance status, its compliance or

- 3 -

lack of compliance with flood codes is relevant to whether or not the cause of the damage from Hurricane Ian was due to flood damage.

(12) **Defendant's Motion in Limine to Prevent Fact Witness From Providing Improper Expert Testimony (Doc. #91)** seeks to prevent plaintiffs and their non-expert fact witnesses from providing lay witness opinion testimony as to the cause or origin of the claimed damages.  While expert opinion testimony is not allowed from a lay witness, a lay witness is allowed to provide certain opinions.  Lay witnesses may give opinion testimony if it "is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701. "Notably, Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences.  Testimony based on professional experience that does not require specialized or technical knowledge can be considered lay testimony." United States v. Spila, 136 F.4th 1296, 1309 (11th Cir. 2025)(citation and internal quotation marks omitted). Thus, lay witnesses may draw on their professional

experiences to guide their opinions without being treated as expert witnesses. United States v. Jeri, 869 F.3d 1247, 1265 (11th Cir. 2017). Since the admissibility of lay opinion testimony depends on multiple factors, the Court is unable to admit or preclude testimony by way of an in limine motion. This motion is denied, and counsel must object to specific questions if he or she finds them objectionable.

(13) **Plaintiffs' Motion in Limine to Preclude Evidence of Olsen Video and Related Testimony (Doc. #92)** and its Supplement (Doc. #96), to which Defendant filed Defendant's Response in Opposition (Doc. #100), seek to preclude evidence from and about a stationary video camera mounted on a utility pole almost three miles from the property in question. Defendant seeks to admit a condensed version of approximately two minutes and thirty seconds, which prominently features damage to a different house than the one at issue in this case. The Court finds that the Olson video, either in its long or condensed version, is not admissible through Olson because it is not relevant to any issue in this case. To the extent it may have some minimal relevance by showing storm surge, it is unduly prejudicial by showing an unrelated structure being damaged by flooding and potentially confusing to a jury. Therefore, the motion

- 5 -

is granted.  The Court makes no in limine ruling in connection with the video and its use by experts on both sides.

(14) **Defendant's Motion for Sanctions and Motion for Involuntary Dismissal with Prejudice (Doc. #101)** is taken under advisement.  Plaintiffs must file their response by February 6, 2026, and Defendants may file their reply by February 9, 2026.

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of February, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record